ORIGINAL    cc: DKW/WRP

Jacob Thompson
325 W Adams Blvd
# 3009
Los Angeles, California
90007
Telephone:    (213) 840-4415
Email:    Jacobt@usc.edu

*Self-Represented Plaintiff*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 22 2022
at 3 o'clock and 00 min. P M
MICHELLE RYNNE, CLERK
LS

IN THE UNITED STATES DISTRICT COURT OF HAWAII
HONOLULU DIVISION

| | |
|---|---|
| JACOB THOMPSON., <br> Plaintiff, <br><br> vs. <br><br> POLYNESIAN HOSTEL BEACH CLUB AND SHELLY DOE ACTING AS AN AGENT OF POLYNESIAN HOSTEL BEACH CLUB., <br> Defendants, | CASE NUMBER <br><br> CV22 00070 DKW WRP <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

FSC complaint, VFP, R 16, memo
HANDBOOK,

Mailed On
Date FEB 23 2022

Received By Mail
Date FEB 22 2022

## I.   INTRODUCTION TO PARTIES

1. Plaintiff Jacob Thompson is a resident of the State of California and currently resides in Los Angeles County.
2. Defendant Polynesian Hostel Beach Club (Hereafter "Hostel" or "Polynesian Hostel" is a hotel or Hostel located and incorporated in the State of Hawaii in the County of Honolulu.
3. Defendant Shelly Doe is an employee/agent of the Polynesian Hostel and is believed to be a resident of the State of Hawaii in the County of Honolulu.

## II.   JURISDICTION AND VENUE

4. The court has federal question subject matter jurisdiction over all claims arising out of the Americans with Disabilities Act (42 U.S.C.S. § 12101 etc seq.,)
5. The court has diversity jurisdiction over the parties in question pursuant to 28 U.S.C.S. § 1332 as parties are residents of separate states and the amount in controversy exceeds 75k.
6. The court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C.S. §§ 1367 (a) & (c)(1)

## III.   GENERAL ALLEGATIONS

7. Plaintiff is a student at the University of Southern California. He is a senior in progress of earning a bachelor's degree in Philosophy, Politics and Law. He currently resides in Los Angeles. Plaintiff will be seeking admission into Law School in less than a year.
8. On December 6, 2021 Plaintiff had a vertical gastric sleeve to remedy weight gain as a result of thyroid cancer and subsequent thyroidectomy.
9. During the Plaintiff, Plaintiff has suffered unprecedented loss. Plaintiff's cousin and friend were murdered, plaintiff lost his grandmother, high school

mentor and community college mentor. Plaintiff decided to tale a break and go to Hawaii for winter break. He booked, paid, and therefore contracted with the Polynesian Hostel to rent a room from December 31, 2021 to January 09, 2022.

10. Plaintiff paid almost 400.00 in advance for this service.

11. In addition to this, plaintiff planned several events on the island.

12. Because Plaintiff paid this money and in exchange, the Polynesian Hostel agreed to rent the room, plaintiff is protected under Haw. Rev. Stat. Ann. § 521-63(c) from being kicked out of the Hostel without a court order evicting him and a 15-day notice as outlined in Haw. Rev. Stat. Ann. §521-68(b).

13. On or around January 4, 2022 Plaintiff was at Waikiki. It was late at night and plaintiff started to have overwhelming diarrhea as a common complication of the sleeve gastrectomy.

14. Plaintiff attempted to go to the public bathroom on Waikiki. However, for some reason the City of Honolulu had closed the bathroom.

15. As a result, Plaintiff had to run to the Hostel.

16. On the way to the Hostel but before arriving, Plaintiff ended up not being able to hold it and defecated on himself. It was not intentional but merely because of the temporary physical impairment as a result of the surgery.

17. When Plaintiff got there, the fecal matter ended up dripping out of his pants onto the floor of the room and in the shower.



18. Plaintiff showered and then immediately after, went downstairs to get the stuff to clean up the mess.

19. Plaintiff requested cleaning supplies, but the Hostel made him wait.

20. Ultimately, within an hour of arrival plaintiff cleaned up the entire mess in the bathroom and in the bedroom of the hostel.

21. The whole experience was embarrassing and humiliating. Plaintiff didn't intentionally defecate on himself.

22. Then 2 days later, Shelly Doe (Last Name Unknown) acting as an agent of the Hostel (Respondeat Superior) unlawfully discriminated against plaintiff by kicking him out and locking him out on the grounds of sanitation despite the fact that the incident was a result of a temporary disability/impairment as a result of the gastric sleeve surgery.

23. She did this despite the fact that plaintiff cleaned up after himself, even waiting for the Hostel to provide cleaning supplies immediately after showering.

24. In addition to this, she locked plaintiff out of the Hostel.

25. As a result of this, plaintiff had to return to Los Angeles.

26. Because Plaintiff had to return to Los Angeles as a result of the breach of contract and unlawful discrimination by Shelly Doe and the Polynesian Hostel, Plaintiff missed the events of going to the Wet N Wild waterpark (58.00) as well as snorkeling with the turtles through Living Ocean Tours



(42.64) all of which is a foreseeable loss as a result of the breach of contract by Polynesian Hostel.

27. In addition to all of this, Defendants have humiliated and demeaned the plaintiff. They ruined a perfectly good vacation taken as a way to get away from the sadness as a result of the losses during a worldwide pandemic. The emotional distress inflicted is unjustified and uncalled for.

28. Not only did Defendant's do all this but I told them and everybody else I just had the surgery. It was unlawful, intentional discrimination and infliction of emotional distress. Plaintiff did nothing wrong. He cleaned up the mess and even apologized.





### IV. CAUSE OF ACTION ONE
Violation of the ADA. (Discrimination)
[All Defendants]

29. Plaintiff reiterates and incorporates lines 8, 13-22 and 24 in support thereof.

### V. CAUSE OF ACTION TWO
Intentional Infliction of Emotional Distress
[All Defendants]

30. Plaintiff reiterates and incorporates lines 7-9, and 27-28 in support thereof.

### VI. CAUSE OF ACTION THREE
Breach of Contract
[Polynesian Hostel Only]

31. Plaintiff reiterates and incorporates lines 9-12 and 22-26 in support thereof.

### VII. CAUSE OF ACTION FOUR
Unlawful lockout in violation of Haw. Rev. Stat. Ann. § 521-63(c)
[Polynesian Hostel Only]

32. Plaintiff reiterates and incorporates line 22-23 in support thereof.

### VIII. RELIEF REQUESTED

For the foregoing reasons, Plaintiff requests the following relief from the court.

(A) Compensatory damages for the foreseeable costs of breach of contract in the amount of 100.64

(B) Pursuant to Haw. Rev. Stat. Ann. § 521-63(c), Judgement against the Polynesian Hostel in the amount of $44.44 per days x60 days (2 months) assuming 400.00 for nine days of rent.[1]

(C) Punitive Damages in the amount of 5 million for the intentional infliction of emotional distress and bad faith business practices

(D) Compensatory damages in an amount to be decided by the court for the intentional infliction of emotional distress.

---

[1] Plaintiff does not have the actual amount paid for the 9 day stay but that is a guess because it was over 370 but less than 400.00. This can be amended once Plaintiff is able to find the actual amount.

(E) Pursuant to 28 C.F.R. § 36.501(a) notify the United States Attorney General of this complaint.

(F) Pursuant to 28 C.F.R. § 36.504 (a)(1) enter injunctive relief ordering the Polynesian Hostel to refrain from doing this to anybody again.

(G) Pursuant to 28 C.F.R. § 36.504 (a)(2) and (3)(i) enter judgment against the Polynesian Hostel in the amount of $75,000.

(H) Award Attorney fees and Costs to Plaintiff pursuant to 28 C.F.R. § 36.505

(I) Plaintiff demands a trial by jury pursuant to Fed. R. Civ P. 38.

(J) Any other relief the court deems to be necessary

RESPECTFULLY SUBMITTED,

Dated:   *February 10, 2022*

By: _____
Jacob Thompson
Self-Represented Litigant