IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JACOB THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POLYNESIAN HOSTEL BEACH CLUB, *et al.*,<br><br>　　　　Defendants. | Case No. 22-cv-00070-DKW-WRP<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On February 22, 2022, Plaintiff Jacob Thompson, proceeding pro se, filed a Complaint against the Polynesian Hostel Beach Club and Shelly Doe,[2] asserting claims under the Americans with Disabilities Act and State law. Dkt. No. 1. Thompson has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

**The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.
[2] The Complaint states that Ms. Doe's last name is unknown. Dkt. No. 1 at ¶ 22.

seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, although Thompson does not list an employer, he states that he receives $1,496 in take-home pay or wages.  Dkt. No. 2 at 1.  Thompson also states that, in the past 12 months, he has received social security disability insurance, but does not state the amount of money he has received or whether he expects to receive the same in the future, even though the IFP Application specifically asks for that information.  *See id*.  As a result, the IFP Application is incomplete, and the Court is unable to properly assess whether Thompson is able to pay the filing fee for this case.  The IFP Application is, therefore, DENIED without prejudice.

Should Thompson decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to him.  In completing a new application, Thompson must answer <u>all</u> questions on the form, including the question

concerning the amount of disability insurance he has received in the last 12 months and whether he expects to receive such payments in the future.

Thompson may have until **March 17, 2022** to file a new application to proceed in district court without prepaying fees or costs.   **The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of the Complaint.**

The Clerk of Court is DIRECTED to mail Thompson a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: March 3, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Thompson v. Polynesian Hostel Beach Club, et al.*; Case No. 22-cv-00070-DKW-WRP;
**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**